UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.
ORVILLE CUMMINGS,

                      Plaintiff,

**COMPLAINT**

      -against-

LVNV FUNDING, LLC
FINANCIAL RECOVERY SERVICES, INC.,
                      Defendants.
------------------------------------------------------------------X

FILED JUN -9 2011 USDC WP SDNY

11 CIV 3946

JUDGE JONES

      Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendants and in support thereof alleges the following:

## INTRODUCTION

      1.     This is an action for damages and brought by an individual consumer for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL §349") for an injunction against defendants' deceptive acts and practices.

## PARTIES

      2.     Plaintiff is a natural person residing in New York State and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, defendants are debt collectors, as defined pursuant to 15 U.S.C. §1692a(6). Defendant LVNV purchases consumer debt and uses the instrumentality of the mail to collect consumer debts owed or due or alleged to be owed or due to others. Upon information and belief, said defendant is a foreign limited liability company incorporated in Delaware. Defendant FRS uses the instrumentality of the mail to collect consumer debts owed or due or alleged to be owed or due to others. Upon information and belief, said defendant is a foreign business corporation incorporated in Minnesota.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §§1331 and 1391(b)(2) and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## STATEMENT OF FACTS

5. Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That, on information and belief, sometime in or around October 2009, the law firm of Forster & Garbus, LLP commenced attempting to collect a consumer debt from plaintiff which was allegedly then owed to LVNV. Said debt was alleged to be originally owed to Household Bank.

7. That after receiving a debt collection letter from Forster & Garbus, plaintiff conferred with his attorneys, Fagenson & Puglisi.

8. That on or about November 6, 2009, Concetta Puglisi, Esq. of Fagenson & Puglisi sent a letter to Forster & Garbus informing Forster & Garbus that plaintiff was disputing the consumer debt alleged to be owed by plaintiff and that

Fagenson & Puglisi represents plaintiff. Plaintiff's attorney also requested in the said letter that plaintiff not be contacted directly concerning the debt.

9. Thereafter, in response, Forster & Garbus wrote a letter dated January 18, 2010 to Fagenson & Puglisi with purported verification of the debt.

10. That said letter from Forster & Garbus to Fagenson & Puglisi also mentioned that Forster & Garbus had requested further documentation regarding the account, which would be forwarded to Fagenson & Puglisi upon receipt.

11. That LVNV's attorneys, Forster & Garbus, did inform LVNV about plaintiff's representation by Fagenson & Puglisi.

12. That, subsequently, defendant FRS commenced collecting the same debt on behalf of LVNV.

13. That defendant FRS sent a collection letter dated June 9, 2010 directly to plaintiff at his home in an attempt to collect the debt.

## AS AND FOR A FIRST CAUSE OF ACTION

14. Plaintiff re-alleges paragraphs 1 to 13 as if fully re-stated herein.

15. That, LVNV did inform FRS that plaintiff is represented by an attorney in the matter of the collection of the debt. That, as such, FRS did know that plaintiff was represented by counsel before FRS sent its June 9, 2010 letter.

16. That said FRS letter to plaintiff therefore constitutes improper direct contact with plaintiff with full knowledge that he is represented by counsel in the matter and is in violation of the FDCPA, including but not limited to §1692c(a)(2). Said letter also violates §1692e(10), as a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

17. That, as and for an alternative, LVNV failed to inform FRS that plaintiff was represented by an attorney and that plaintiff was disputing the debt.

18. That said failure on the part of LVNV is a violation of the FDCPA, including but not limited to §§1692c(a)(2) and 1692e(8).

## AS AND FOR A SECOND CAUSE OF ACTION

19. That plaintiff re-alleges paragraphs 1 to 18 as if fully re-stated herein.

20. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

21. That defendants' deceptive and misleading acts and practices were consumer-oriented, in that defendants are collectors of consumer debts incurred principally or wholly by natural persons. On information and belief, defendants mail or cause to be mailed directly to natural persons within New York State each year thousands of letters similar to the one referenced herein, despite knowledge that the consumer is represented by an attorney.

22. That defendants improperly contacted plaintiff with full knowledge that he is represented by counsel and in so doing violated NYGBL §349. Defendant LVNV also failed to communicate that plaintiff was disputing the debt it was attempting to collect.

23. That defendants are therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendants as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(c) enjoining defendants from further direct contact with plaintiff pursuant to NYGBL §349;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(e) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
June 8, 2011.

_____
NOVLETTE R. KIDD, ESQ.(NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com